# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3589 | **DATE** | 11/21/2003 |
| **CASE TITLE** | WILLIAM T. DIVANE, JR., et al vs. PERRY ELECTRIC, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ____.
(3) ☐ Answer brief to motion due____. Reply to answer brief due____.
(4) ☐ Ruling/Hearing on ____ set for ____ at ____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ____ set for ____ at ____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ____ set for ____ at ____.
(7) ☐ Trial[set for/re-set for] on ____ at ____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ____ at ____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER: Defendant's motion to dismiss[10-1], which we construe as a motion for summary judgment, is Denied. Status hearing set for 1/7/04 at 9:30a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | NOV 2 4 2003 | |
| | Notified counsel by telephone. | | | date docketed | 17 |
| ✓ | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | | date mailed notice | |
| TBK | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM T. DIVANE, JR., MICHAEL CADDIGAN, I. STEVEN DIAMOND, SAMUEL EVANS, MICHAEL FITZGERALD, THOMAS C. HALPERIN, KENNETH J. BAUWENS, DANIEL MEYER, RICHARD SIPPLE, AND MICHAEL R. WALSDORF, as the ELECTRICAL INSURANCE TRUSTEES<br><br>Plaintiffs,<br><br>v.<br><br>PERRY ELECTRIC, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 03 C 3589<br>Paul E. Plunkett, Senior Judge |

## MEMORANDUM OPINION AND ORDER

Plaintiff Trustees, William T. Divane, Jr., Michael J. Caddigan, I. Steven Diamond, Samuel Evans, Michael Fitzgerald, Thomas C. Halperin, Kenneth J. Bauwens, Daniel Meyer, Richard Sipple and Michael R. Walsdorf, have sued defendant, Perry Electric, Inc., seeking to conduct a payroll audit under a collective bargaining agreement. Defendant has filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss. The parties apparently have agreed to convert the motion to dismiss to a motion for summary judgment. For the following reasons, we deny defendant's motion.

1

## Background[1]

Trustees are trustees of employee benefit trust funds under an agreement (Trust Agreement) between the Electrical Contractors' Association of the City of Chicago (ECA) and Local 134, International Brotherhood of Electrical Workers (Local 134). Defendant, an Illinois corporation, signed a letter agreement with Local 134, effective February 22, 2002 (Letter of Assent). The Letter of Assent provided that ECA will be defendant's collective bargaining representative and that defendant will be bound by the terms of the collective bargaining agreement between ECA and Local 134. As a result, defendant became obligated to pay certain wage rates, file monthly reports and make monthly contributions to the employee benefit trust funds. In the event of delinquent contributions, the collective bargaining agreement and the Trust Agreement provide for a payroll audit procedure and give Trustees certain other remedies.

Trustees notified defendant in January 2003 that they sought to conduct an audit of payroll records going back to February 22, 2002. Defendant scheduled the audit, but gave the auditor access to payroll records covering the period from February 22, 2002 through August 2002 only.[2] Trustees filed this action, requesting that defendant be ordered to produce books and records covering the period from February 22, 2002 to present.

Defendant filed a motion to dismiss pursuant to Rule 12(b)(6), stating that it had terminated the Letter of Assent as of September 13, 2002, at which time it ceased to be a member of Local 134. Accordingly, says defendant, it allowed an audit of its payroll records up to September 13, 2002.

---

[1] This information is taken from the complaint and the memoranda submitted during the briefing of the motion to dismiss.

[2] Defendant asserts that auditors had access to records dated from February 22, 2002 to September 13, 2002. (Def.'s Mot. to Dismiss ¶ 12.)

2

Defendant included affidavits and exhibits in support of its motion. Trustees argue that defendant has not effectively terminated the Letter of Assent.

Because defendant submitted additional materials in support of its motion to dismiss, Trustees assume the motion has been converted to one for summary judgment and have submitted their own affidavits in response. In its reply memorandum, defendant argues that it has satisfied the summary judgment standard. We therefore treat defendant's motion to dismiss as a motion for summary judgment. *See Marques v. Federal Reserve Bank of Chicago*, 286 F.3d 1014, 1017 (7th Cir. 2002) (a motion under Rule 12(b)(6) becomes a motion for summary judgment when defendant attaches materials outside the complaint and the court actually considers some or all of the materials).

## Legal Standard

To prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

## Discussion

Defendant argues that it terminated the Letter of Assent on September 13, 2002 and as of that time was no longer a member of Local 134. Because it allowed an auditor to review payroll records dated from February 22, 2002 through September 13, 2002, the date the termination of the Letter of Assent was effective, the filing of the complaint is harassment. Trustees argue that defendant did not terminate the Letter of Assent in accordance with its terms and is still bound by the terms of the collective bargaining agreement requiring it to make certain monthly contributions to the trust funds. We find that defendant has not provided sufficient evidence to show that it terminated the Letter of Assent according to its terms.

The Letter of Assent is a one-page form document. The substance of it reads:

> In signing this letter of assent, the undersigned firm does hereby authorize [ECA] as its collective bargaining representative for all matters contained in or pertaining to the current and any subsequent approved Inside labor agreement between [ECA] and [Local 134]. In doing so, the undersigned firm agrees to comply with, and be bound by, all of the provisions contain in said current and subsequent approved labor agreements. This authorization, in compliance with the current approved labor agreement, shall become effective on the 22 day of February 2002. It shall remain in effect until terminated by the undersigned employer giving written notice to [ECA] and to [Local 134] at least one hundred fifty (150) days prior to the current anniversary date of the applicable approved labor agreement.

(Compl. Ex. A.) The termination provision clearly states that written notice must be given at a certain time to ECA and Local 134. Because the termination provision is not ambiguous, its plain meaning governs. *See Central States, Southeast and Southwest Areas Pension Fund v. Kroger, Co.*, 73 F.3d 727, 732 (7th Cir. 1996) (a contract is ambiguous if it is susceptible to more than one reasonable interpretation). *See also Local 257, Int'l Bhd. of Elec. Workers v. Grimm*, 786 F.2d 342, 345-46 (8th Cir. 1986) (looking to plain language of letter of assent for interpretation of termination

4

provision). In order for defendant to succeed on its motion, there must be no genuine issue of material fact that it provided timely written notice to ECA and Local 134.

Defendant offered evidence that it sent an appropriate letter to two individuals at Local 134, Robert Parrilli and Carmen Sandoval, but submitted no evidence that it contacted anyone at ECA. Defendant maintains, however, that its termination of the Letter of Assent was still effective for the following reasons: (1) when the Letter of Assent was executed, Parrilli represented ECA (and presumably then, notice to Parrilli was equivalent to notice to ECA); (2) defendant contacted Charles Dunne, business representative of Local 134, to ask about procedural requirements to withdraw from the union and followed Dunne's direction in sending the termination letters to Parrilli and Sandoval; and (3) the termination letters sent to Parrilli and Sandoval stated that if defendant did not "hear from [Parrilli or Sandoval] within 10 days" defendant would understand that the release had been processed successfully. Defendant says it did not hear from either person.

Trustees have submitted affidavits from Michael Fitzgerald, business manager of Local 134 and signatory to the Letter of Assent on behalf of Local 134, and from Mark Nemshick, executive vice president of ECA. Fitzgerald states that he is not an agent of ECA, ECA is not a party to the Letter of Assent and that at no time on or before February 22, 2002 did he represent to defendant that he was an agent or spokesperson for ECA. (Pl.'s Response Mem. Fitzgerald Aff. ¶¶ 2, 4, 5). Nemshick states that ECA is not a party to the Letter of Assent, neither Fitzgerald nor Parrilli are employees or agents of ECA, and that ECA has not received any notice of withdrawal from defendant. (Pl.'s Response Mem. Nemshick Aff. ¶¶ 3, 4, 5, 7.) This evidence refutes defendant's assertion that it properly terminated the Letter of Assent.

The plain language of the Letter of Assent provides that timely written notice of termination must be given to ECA and Local 134. Nothing allows for notice to only one of ECA or Local 134 and there is no evidence that anyone at Local 134 "passed on" defendant's notice of termination to ECA, that ECA otherwise received the proper notice or that ECA waived its right to receive notice. Trustees have sustained their burden under the summary judgment standard; defendant has failed to show that there is no genuine issue of material fact that it terminated the Letter of Assent in accordance with its terms. *See Albiero v. City of Kankakee*, 246 F.3d 927, 931-932 (7th Cir. 2001) ("a party will be successful in opposing summary judgment only when it presents 'definite, competent evidence to rebut the motion.'") (internal citation omitted).

## Conclusion

For the reasons set forth above, defendant's motion, which we construe as a motion for summary judgment, is denied.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

DATED: _11-21-03_